**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4785**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KRISTOPHER O'SHEA LOWERY,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:12-cr-00409-WO-1)

Submitted: May 17, 2018                    Decided: May 18, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant. JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kristopher O'Shea Lowery appeals from the district court's order revoking his supervised release and imposing a 20-month term of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred when sentencing Lowery. The Government has declined to file a response. Lowery was notified of his right to file a pro se supplemental brief, but he has not done so. We affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke supervised release, a district court need only find by a preponderance of the evidence a violation of a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2012). Here, Lowery admitted to violating his supervised release conditions as charged. Given the nature of the violations, the district court acted within its discretion in revoking his release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2012), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

2

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statement range and the pertinent § 3553(a) factors. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup*, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a 20-month term of imprisonment without a further term of supervised release. The sentence is within both the statutory maximum and the advisory policy statement range based on Lowery's violations and criminal history, USSG § 7B1.4(a), p.s. The court considered the pertinent factors and adequately stated permissible reasons for the sentence, including that Lowery's violation was of a serious nature, the new offense occurred only one month after his release from prison, and Lowery had absconded from supervision. We have carefully reviewed the record and conclude that Lowery's sentence is not plainly unreasonable. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment.

This court requires that counsel inform Lowery, in writing, of the right to petition the Supreme Court of the United States for further review. If Lowery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lowery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*